WO

IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF ARIZONA

| | |
|---|---|
| William R. Webb, et al., | No. cv-08-222-PHX-ROS |
| Plaintiffs, | **ORDER** |
| vs. | |
| Genuine Parts Company, et al., | |
| Defendants. | |

Pending before the Court is Plaintiffs' Motion for Leave to File Amended Complaint and Motion to Continue Time for Amendment of Pleadings (Doc. 23). Plaintiffs ask leave to add as Defendants Bayco Products, Inc. and Balkamp, Inc., allegedly involved with the manufacture and distribution, respectively, of the light at issue in this case. They also request that the formal date for amendment of pleadings be extended an additional 60 days so that they may locate and identify the Genuine Part Company ("GPC") sales representatives they believe were involved in the distribution of the light at issue to Plaintiff William Webb.

After receipt of a responsive pleading or submission of a first amended complaint, a plaintiff "may amend its pleadings only with the opposing party's written consent or the court's leave." Fed. R. Civ. P. 15(a)(2). Because the Rules instruct the Court to "freely give leave when justice so requires," the burden is placed on the party opposing the amendment. Id. See Morongo Band of Mission Indians v. Rose, 893 F.2d 1074, 1079 (9th Cir. 1990)

(holding Rule 15(a)(2) "is to be applied with extreme liberality.").[1]

Defendants argue that "[t]here is no evidence that Balkamp or Genuine or any employee of those companies had anything to do with the retractable light other than sell it," adding that "Arizona law holds that defendants are not liable if they are not at fault for a plaintiffs' alleged injury." This, however, is a misreading of the Arizona Supreme Court's jurisprudence. The court has stated:

> In a strict products liability action, every party in the chain of distribution of a defective product has committed its own 'actionable breach of legal duty.' Fault is thus found because of what each tortfeasor did on its own – distribute a defective product – rather than because of its relationship to other wrongdoers.

State Farm Ins. Cos. v. Premier Manufactured Sys., 172 P.3d 410, 415 (Ariz. 2007). While Arizona does not recognize joint and several liability in the context of product liability actions, that does not mean that each entity in the chain of distribution may not be liable in their own right. Id. It is true that "[a]mong two or more persons strictly liable in tort who are entitled to claim contribution against each other, the relative degree of fault of each is the degree to which each contributed to the defect causing injury to the claimant." A.R.S. § 12-2509(C). However, the question of the degree of fault of each party in the chain of distribution is not one to be settled at this stage of the lawsuit; any party within the chain has committed an independent, actionable breach of legal duty.

Given that it is not contested that Bayco and Balkamp are within the chain of distribution, and given the liberality with which federal courts are to consider requests to amend pleadings, Plaintiffs shall have leave to amend the pleadings to add Bayco and Balkamp as defendants.

---

[1] Although placing the burden of proof on the opposing party in Rule 15 motions is not settled law, the prevailing practice in this circuit supports such a rule. See e.g. ABM Industries, Inc. v. Zurich Am. Ins. Co., 237 F.R.D. 225, 227 (N.D.Cal.2006) ("The party opposing the amendment bears the burden of showing why the amendment should not be granted."); Butler v. Robar Enter.'s, Inc., 208 F.R.D. 621, 623 (C.D.Cal. 2002)(same); DCD Programs, Ltd. v. Leighton, 833 F.2d 183, 187 (9th Cir. 1987) ("The party opposing amendment bears the burden of showing prejudice.").

Plaintiffs have, however, made no showing that the sales representatives who sold Mr. Webb the light in question would be properly joined as defendants. Nor does it appear that they made a diligent effort to discover the identity of the sales representative(s) in question within the proper time frame.[2] Therefore, the Court sees it as unnecessary to extend the deadline to amend the pleadings at this point in the case. Particularly where additional defendants would destroy diversity,[3] leave to amend pleadings at a future date shall be granted only due to extraordinary extenuating circumstances.

Accordingly,

**IT IS ORDERED** Plaintiff's Motion is **GRANTED IN PART** and **DENIED IN PART.** Plaintiffs have leave to amend their complaint consistent with this order.

---

[2] Defendant states in its pleadings that Plaintiffs had not, prior to filing this motion, served a discovery request asking for (or even simply asked) for the name of that sales rep; Plaintiffs do not contest that assertion.

[3] Under the federal removal statute, the Court, just as in Rule 15(a)(2) motions, has complete discretion to approve such a diversity-destroying joinder. See 28 U.S.C. § 1447(e) ("If after removal the plaintiff seeks to join additional defendants whose joinder would destroy subject matter jurisdiction, the court may deny joinder, or permit joinder and remand the action to the State court.") (emphasis added); Newcombe v. Adolf Coors Co., 157 F.3d 686, 691 (9th Cir. 1998) ("[T]he decision regarding joinder of a diversity destroying-defendant [sic] is left to the discretion of the district court."). However, the federal courts in this district have generally not applied the standard Rule 15(a)(2) justice-fairness test to such situations. When adjudicating a diversity-destroying amendment, Arizona federal courts, in addition to applying variations of the Rule 15(a)(2) factors, have also examined the necessity of joining the diversity-destroying party and any potential prejudice suffered by the plaintiff. See e.g. Ansley v. Metro. Life Ins. Co., 215 F.R.D. 575, 579-80 (D. Ariz.2003); Eaton Veterinary Lab.'s, Inc. v. Wells Fargo Merch. Serv.'s, LLC, 2007 WL 2904171, 1 (D. Ariz. 2007); James Wm. Moore et al., 16 Moore's Federal Practice § 107.41[2][d][i][B] at 107-220.1 (3d ed. 2008). The Court will apply a similar balancing test to this case and examine Plaintiff's proposed joinder amendment for: (i) necessity of joinder; (ii) dilatory or other bad faith motive; (iii) undue delay; (iv) prejudice to any party involved; (v) futility of amended claims; and (vi) evidence of repeated failure to cure deficiencies.

DATED this 3rd day of November, 2008.

_____
Roslyn O. Silver
United States District Judge